# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| YOUNG BOK SONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0955 |
| | ) | Judge Campbell |
| BENJAMIN SMITH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Northeast Correctional Complex in Mountain city, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) Benjamin Smith, Assistant General Counsel, Tennessee Department of Children's Services; and 2) Brian Keith Holmgren, Assistant District Attorney, 20th Judicial District. The plaintiff seeks money damages only, alleging that the defendants tampered with the evidence in his 2004 trial in which he was convicted of seven counts of child rape, and four counts of aggravated sexual battery.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A state prisoner does not state a cognizable claim under § 1983, if a ruling on his claim(s) would imply the invalidity of his conviction and/or confinement, unless and until the conviction has

been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). If true, the plaintiff's allegations against defendants Smith and Holmgren would imply the invalidity of his conviction. Thus, before the plaintiff may obtain relief under § 1983 against the defendants, he must first establish that his conviction has been favorably terminated.

The plaintiff does not allege, nor can it be liberally construed from the complaint, that his conviction has been favorably terminated. On the contrary, the plaintiff's convictions were affirmed on direct appeal, and his request for post-conviction relief was denied. *State v. Song*, No. M2004-02885-CCA-R3-CD, 2005 WL 2978972 (Tenn. Crim. App. 2005), *per app denied* (Mar. 27, 2006); *Song v. State*, No. M2007-00404-CCA-R3-PC, 2008 WL 624926 (Tenn. Crim. App. 2008), *per app denied* (Sep. 29, 2008). Therefore, under *Heck*, the plaintiff is not entitled to relief under § 1983. The complaint will be dismissed for failure to state a claim on which relief may be granted.

It is so **ORDERED**.

Todd Campbell
United States District Judge